United States Court of Appeals
Fifth Circuit

**F I L E D**

November 21, 2005

Charles R. Fulbruge III
Clerk

**CORRECTED**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 04-60316
c/w No. 04-60748

(Summary Calendar)

————————————

NKIASUMU KINDIA; LUSINDE KINDIA; NGALULA NGALAMULUME; WANGALA NGALAMULUME; BIPOLO NGALAMULUME; DANIEL NGALAMULUME; KONGOLO LUSINDE,

Petitioners,

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

Respondent.

———————————————————————————————————————

Petition for Review from the
Board of Immigration Appeals
No. A95 545 958

———————————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

———————————————

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nkiasumu Kindia ("Nkiasumu") and her children (collectively with their mother, "Petitioners") petition for review of the final order of removal by the Board of Immigration Appeals ("BIA") as well as the BIA's order denying their motion to reopen their case. Petitioners challenge that there was insufficient evidence to support the Immigration Judge's ("IJ") negative credibility determination; that they were denied due process; and that the BIA abused its discretion by not reopening their case in light of new evidence.

An IJ's negative credibility determination will not be disturbed "unless we find not only that the evidence supports a contrary conclusion, but that the evidence *compels* it." *Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994). In this case, the BIA found that the IJ relied on visa applications that were inconsistent with significant portions of Nkiasumu's uncorroborated testimony. Petitioners have not demonstrated that the evidence presented to the IJ compels the conclusion that Nkiasumu is credible, and therefore they are not entitled to relief on that ground.

Petitioners next argue that they were deprived of due process because there was no French interpreter at the hearing at which the IJ admitted the visa applications into evidence. Because Petitioners cannot understand or speak English, they argue that they were deprived of the opportunity to have Nkiasumu explain the discrepancy between her testimony and the information contained in the documents. This court reviews allegations of due process violations *de novo*. *Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000). "To prevail on [a due process] challenge, an alien must make 'an initial showing of substantial prejudice.'" *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004). Nowhere in their brief to the BIA or to this panel do Petitioners even suggest that Nkiasumu actually would have been able to explain the discrepancy between the visa applications and her testimony. Absent a showing to that effect, Petitioners fail to make the necessary threshold

showing of prejudice, and their due process challenge fails.

Finally, Petitioners argue that the BIA abused its discretion when it declined to reopen their case in light of new evidence that Nkiasumu's husband collaborated with rebels. *See De Morales v. INS*, 116 F.3d 145, 147 (5th Cir. 1997) (stating that the BIA's refusal to reopen a case is reviewed for abuse of discretion). The BIA's decision was not an abuse of discretion given the IJ's negative credibility determinations and absent any corroboration of Nkiasumu's new story.

For the foregoing reasons, the petition for review of the BIA's decisions are DENIED.

DENIED.