United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-61054
Summary Calendar

DAWOOD AKRAM MIR,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 186
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Dawood Akram Mir seeks a petition for review of the Board of Immigration Appeals' (BIA) denial of his motion to reopen. This court reviews the denial of a motion to reopen for an abuse of discretion and will not find such abuse of discretion unless the denial is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993) (internal quotation marks and citation omitted). The BIA may

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deny a motion to reopen if the evidence submitted does not establish a prima facie claim for relief. INS v. Doherty, 502 U.S. 314, 323 (1992).

Mir concedes that "the newly submitted evidence does not in itself make out a case for withholding," but he urges that, if considered in conjunction with the evidence originally submitted, he has shown a clear probability of future persecution which entitles him to relief. Mir also contends that the BIA's denial of the motion to reopen was an abuse of discretion because it erroneously found the new evidence to be incredible, erroneously relied on the Immigration Judge's (IJ) original negative credibility determinations to so find, and failed to examine the requisite factors for assessing credibility on the record.

The BIA did not abuse its discretion in denying the motion to reopen. Even without reference to credibility issues, the evidence Mir submitted in support of his motion does not establish a clear probability that he would be persecuted by governmental authorities specifically on account of his political opinions if he returns to Pakistan. The assertion that the BIA erred in referring to the IJ's original negative credibility determination is without merit. Mir's complaint that the BIA erred in failing to explain its rejection of the new evidence in greater detail in the order denying the motion to reopen is similarly unavailing as the BIA "has no duty to write an exegesis on every contention." Osuchukwu v. INS, 744 F.2d 1136, 1142-43

(5th Cir. 1984). Moreover, any error was cured by the detailed explanation the BIA gave for finding the new evidence to be unreliable in its subsequent order denying reconsideration.

PETITION FOR REVIEW DENIED.