# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-60232
Summary Calendar

CHUN LIN YANG; XIN AI YANG

Petitioners

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 645 703
BIA No. A97 645 704

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Chun Lin Yang and her husband, Xin Ai Yang (the Yangs), both Chinese citizens, petition for review of the decisions of the Board of Immigration Appeals (BIA) denying them asylum and denying their motion to remand the immigration proceedings. Although the petitioners also contest the denial of withholding of removal and the denial of relief under the Convention Against Torture, the Yangs failed to adequately brief those arguments and therefore are

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

deemed to have abandoned them. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

The Yangs seek asylum based on their claim that Mrs. Yang was forced to have an abortion by Chinese officials, which they support with documents allegedly issued by the local family planning authority. However, an investigation conducted by the United States State Department revealed several inconsistencies that undermine the authenticity of those documents. Unconvinced by the Yangs' explanations for those discrepancies, the immigration judge (IJ) determined that the documents were fraudulent. The IJ also relied on the State Department's report of country conditions in China indicating that, although forced abortions and sterilizations still occur in some regions of China today, they are extremely rare.[1] Based on these facts, the IJ determined that the Yangs' testimony was not credible and denied their claims for asylum.

The BIA dismissed the Yangs' appeal, upholding the IJ's finding that the Yangs were not credible because they had testified untruthfully and submitted fraudulent documentation. We review the BIA's determination that an alien is not eligible for asylum under the substantial evidence test. Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994). Under that standard of review, we will reverse the BIA's factual determinations only if the record compels a contrary conclusion, meaning that no reasonable factfinder could reach any other result. Id. Normally, we are only authorized to review the orders of the BIA, not the IJ. Id. However, where, as here, the BIA specifically adopts the IJ's credibility findings, we may review those findings, but we may not substitute our judgment for that of the factfinder in determining the credibility of witnesses. Id.

---

[1]The IJ also relied on the failure of Mrs. Yang to call as witnesses her uncle and aunt who lived some 25 miles from the site of the hearing.

We find that the IJ's credibility determination was based on a reasonable interpretation of the record and is therefore supported by substantial evidence. See id. at 79. To the extent that the Yangs contend that the IJ erred in relying on reports submitted by the State Department because they are speculative and contain hearsay, that argument is without merit. See 8 C.F.R. § 1208.12. Because the adverse credibility determination is supported by substantial evidence, we affirm the BIA's denial of the Yangs' asylum claim. See Chun, 40 F. 3d at 79.

The Yangs also argue that the BIA erred in denying their motion to remand. An alien who has been adjudicated to be removable may challenge the ruling based on new facts or a change in circumstances by filing either a motion to reopen or a motion to remand. Wang v. Ashcroft, 260 F.3d 448, 451 (5th Cir. 2001). When, as here, an alien files a motion seeking consideration of new evidence during the pendency of an appeal to the BIA, it is considered a motion to remand in the nature of a motion to reopen. Ramchandani v. Gonzales, 434 F.3d 337, 340 n.6 (5th Cir. 2005); In re Coelho, 20 I. & N. Dec. 464, 471 (BIA 1992). A motion to remand in the nature of a motion to reopen is subject to the same standards and regulations governing motions to reopen. Ramchandani, 434 F.3d at 340 n.6 (citing Coelho). The BIA has discretion to deny a motion to reopen if, inter alia, it is not satisfied that the new evidence relied on "would likely change the result in the case." Coelho, 20 I. & N. Dec. at 473 (1992).

The denial of a motion to reopen immigration proceedings is reviewed for an abuse of discretion. Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993). The BIA's discretion will not be disturbed "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." Id. (internal quotation marks and citation omitted).

The Yangs have not come close to meeting this "heavy burden." See INS v. Abudu, 108 S.Ct. 904, 914-15 (1988). The Yangs supported their motion to remand with new documents purporting to explain the inconsistencies present in the original documents filed with the Yangs' asylum application. The BIA reasonably found that these documents were also of questionable authenticity and indeed raised more questions than they answered. Based on these findings and the IJ's prior adverse credibility determination, the BIA denied the motion to remand. Although the BIA briefly mentioned in passing a failure to demonstrate changed circumstances in China, it is clear from the order as a whole that the BIA also, and primarily, concluded that the new evidence presented by the Yangs did not warrant relief. We find that the BIA did not abuse its discretion by denying the motion to remand.

PETITION DENIED.