# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 09-60117
Summary Calendar

QI HUA LI, also known as Qi Hua Fi,

Petitioner,

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A097-903-403

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Qi Hua Li petitions this court to review the denial by the Board of Immigration Appeals (BIA) of his motion to reopen based on changed country conditions. We deny the petition for review.

## I

Li, a native and citizen of the People's Republic of China, arrived in the United States from China without possessing any valid entry documents.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration authorities first encountered Li in Albuquerque, New Mexico, as a passenger on a Greyhound bus en route to New York. In November 2004, the Department of Homeland Security commenced removal proceedings against Li, charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted or paroled. After a trial, the Immigration Judge (IJ) found Li removable as charged. The IJ denied Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture. Li appealed the IJ's decision to the BIA. The BIA dismissed Li's appeal.

Later, Li married and had two children. After the birth of his children, Li filed a motion to reopen with the BIA. Li claimed that the birth of his two children, along with changed country conditions in China regarding its family-planning policy, entitled him to new proceedings. The BIA denied the motion to reopen, finding that the motion was untimely and did not qualify for any of the exceptions to the time bar. Li then filed this appeal.

## II

We review the BIA's denial of a motion to reopen under a highly deferential abuse-of-discretion standard.[1] "So long as the Board's decision is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach, we must affirm the Board's decision."[2] We review the BIA's legal conclusions de novo.[3] We review the BIA's factual findings to determine if they are supported by substantial evidence.[4]

---

[1] *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

[2] *Id*. (internal quotation marks omitted).

[3] *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

[4] *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

## III

An alien must file a motion to reopen within ninety days of the date on which the final administrative decision was rendered.[5]  An alien is not bound by this timing requirement, however, if his request for relief "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."[6]  The alien bears the burden of proving that country conditions have changed.[7]  Motions to reopen immigration proceedings, and particularly deportation proceedings, are disfavored because "every delay works to the advantage of the deportable alien who wishes merely to remain in the United States."[8]  As the Supreme Court has stated, the granting of such motions "too freely will permit endless delay of deportation by aliens creative and fertile enough to continuously produce new and material facts sufficient to establish a prima facie case."[9]

Li filed his motion to reopen 175 days after the BIA's final decision, beyond the ninety-day limit for such motions.  Therefore, the motion is time barred unless Li qualifies for an exception to the statutory timing requirement.  Here, Li has failed to establish that changed country circumstances in China entitle him to an exception to the normal filing period.

In support of his contention that he established changed country conditions, Li points to a number of documents that, he argues, show that family-planning officials in China would force him to undergo a sterilization

---

[5] 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

[6] 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).

[7] 8 C.F.R. § 1003.2(c)(1).

[8] *INS v. Doherty*, 502 U.S. 314, 323 (1992).

[9] *INS v. Abudu*, 485 U.S. 94, 108 (1988) (internal quotation marks omitted).

operation pursuant to the country's one-child policy. The BIA correctly found that the foreign documents were not properly authenticated under 8 C.F.R. § 287.6(b). Those documents that were admissible do not provide evidence that country circumstances regarding family-planning policies have changed. Finally, Li did not show that his fear of persecution for fathering two children in this country was based on changed conditions in China, as opposed to self-induced changes in his personal circumstances. Therefore, the BIA did not abuse its discretion when it denied Li's motion to reopen.

*        *        *

For the foregoing reasons, we DENY Li's petition. Li's motion for stay of removal is DENIED.