09-2517-ag
Chen v. Holder

BIA
A079 629 996

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of March, two thousand ten.

PRESENT:

JOSÉ A. CABRANES,
PETER W. HALL,
GERARD E. LYNCH,
        *Circuit Judges*.

_____

YING CHEN,
        *Petitioner*,

        v.                                    09-2517-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:            Oleh R. Tustaniwsky, New York, New
                           York.

FOR RESPONDENT:            Tony West, Assistant Attorney
                           General; M. Jocelyn Lopez Wright,
                           Senior Litigation Counsel; Sabrina
                           M. Lofty, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ying Chen, a native and citizen of the People's Republic of China, seeks review of a May 13, 2009, order of the BIA denying her motion to reopen. *In re Ying Chen*, No. A079 629 996 (B.I.A. May 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of Chen's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen, which was indisputably untimely and number-barred.

As the BIA found, Chen's alleged membership in the Federation for Democracy in China was a change in her personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008). Although Chen asserts that conditions for pro-democracy supporters in China have worsened since the time of the IJ's decision, changing one's personal circumstances in a way that coincides with changes in one's country – years after being ordered removed – does not meet the changed country conditions exception set forth at 8 U.S.C. § 1229a(c)(7)(C)(ii). As we have observed, aliens who have been ordered removed are not permitted "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application." *Yuen Jin*, 538 F.3d at 155; *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006).

2

Contrary to Chen's argument, the record does not demonstrate that the BIA failed to consider any of the evidence she submitted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006); *see also Wei Guang Wang*, 437 F.3d at 275. Finally, the BIA was not required to reach the issue of whether Chen established *prima facie* eligibility for relief, finding instead that she failed to meet the threshold requirement of demonstrating changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3