# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 1, 2012

Lyle W. Cayce
Clerk

No. 11-60848
Summary Calendar

LIBIN XIE,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 309 796

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Petitioner Libin Xie, a native and citizen of the People's Republic of China, petitions us to review a Board of Immigration Appeals (BIA) decision denying her motion to reopen asylum proceedings based on her newfound practice of Falun Gong in the United States. We deny the petition.

Although the decision whether to grant or deny a motion to reopen is discretionary, we have jurisdiction because the BIA's discretion is not statutorily based. *See Kucana v. Holder*, 130 S. Ct. 827, 834-40 (2010). A highly deferential

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

abuse of discretion standard applies to review of the BIA's denial of a motion to reopen. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). "Such discretion is not to be disturbed so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 469 (5th Cir. 2005) (internal quotation marks and citation omitted). The alien seeking asylum has the burden of establishing that she is a refugee, meaning, as relevant here, that she has a well-founded fear of persecution in her home country on the basis of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42)(A); 1158(b)(1)(B)(i); *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Xie's argument that the BIA abused its discretion in affording limited weight to the documentary evidence submitted in conjunction with her motion to reopen because the evidence was not authenticated is unpersuasive. *See Matter of H-L-H- & Z-Y-Z-*, 25 I&N 209, 214-215 (BIA 2010), *abrogated on other grounds by Huang v. Holder*, 677 F.3d 130 (2nd Cir. 2010). Xie also claims that the BIA engaged in impermissible factfinding in determining that her documents were unauthenticated. She failed properly to exhaust this claim, however, and we lack jurisdiction to consider it in the instant petition. *See* 8 U.S.C. § 1252(d); *Omari v. Holder*, 562 F.3d 314, 319-21 (5th Cir. 2009).

Xie argues that the BIA erred in relying on the prior unchallenged adverse credibility determination of the Immigration Judge (IJ) in limiting the weight it gave the documentary evidence. Despite Xie's argument on appeal, we have in persuasive unpublished cases held as we do here – that the BIA does not abuse its discretion by basing its denial of a motion to reopen on an IJ's prior adverse credibility ruling. *See Mir v. Gonzales*, 207 F. App'x 498, 498-99 (5th Cir. 2006); *Kindia v. Gonzales*, 155 F. App'x 752, 753 (5th Cir. 2005).

No. 11-60848

Xie's argument that she established a well-founded fear of future persecution based on her practice of Falun Gong is likewise without merit. Xie's generalized claim of harsh or improper treatment of Falun Gong practitioners in China did not demonstrate prima facie eligibility for the relief sought. Accordingly, the BIA acted within its broad discretion in denying reopening. *See Zhao*, 404 F.3d at 303. Xie's petition for review is DISMISSED IN PART for lack of jurisdiction and DENIED IN PART.