# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 12, 2013

Lyle W. Cayce
Clerk

No. 12-60910
Summary Calendar

SOLOMON AYOR,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 239 080

Before KING, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Solomon Ayor, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' (BIA) denying his motion to reopen removal proceedings.

Ayor's requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) were denied because evidence of persecution was lacking, as the record did not show the government of Nigeria was unable or unwilling to control Boko Haram, a Muslim extremist group that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allegedly has been targeting him on account of his religion. (Because he did not file timely a petition for review of the BIA's underlying decision, Ayor's eligibility for asylum, withholding of removal, and CAT protection is not at issue. *See* 8 U.S.C. § 1252(b)(1) (deadline for review of removal order).)

In support of his denied motion to reopen, Ayor contends new evidence establishes the Nigerian government is unwilling or unable to stem the violence caused by Boko Haram. In that regard, the denial is reviewed for abuse of discretion; the factual findings, for substantial evidence. *Panjwani v. Gonzales*, 401 F.3d 626, 632 (5th Cir. 2005). The BIA is foreclosed from granting motions to reopen "unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing". 8 C.F.R. § 1003.2(c)(1). The BIA's denial of such a motion is upheld "so long as [its decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach". *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (citation omitted).

An applicant for asylum must show he is a refugee, i.e., he is unable or unwilling to return to his native country because of past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See, e.g.*, *Dayo v. Holder*, 687 F.3d 653, 657 (5th Cir. 2012) (citing 8 U.S.C. § 1101(a)(42)(A)). Persecution refers to harm or mistreatment that rises to a sufficient level of severity, which was, or will be, inflicted either by a government or by persons "a government is unable or unwilling to control", on account of the applicant's protected trait. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006).

According to the State Department Country Reports on Human Rights Practices for 2011, provided by Ayor in support of his motion to reopen, the Nigerian government has been actively targeting Boko Haram. Suspected

members of Boko Haram were arraigned in Nigeria's Federal High Court for allegedly detonating bombs during the 2011 presidential elections and for bombing a political rally and a church. Police detained and killed the father-in-law of Boko Haram's then-leader, Muhammed Yusuf, and thereafter killed Yusuf. State and local governments imposed dusk-to-dawn curfews in response to ethno-religious violence in the aftermath of Boko Haram attacks. According to a 2012 United States Commission on International Religious Freedom report, also provided by Ayor, Boko Haram continues to target and kill Christians, Muslims, police, and political officials; the government, however, has mobilized against the threat posed by the group and reportedly made numerous arrests of suspected Boko Haram members, including a lead suspect in the Christmas 2011 bombings.

"[H]arassment or violence against [victims of Boko Haram] cannot be labeled persecution absent some proof that the current . . . government condoned it or at least demonstrated a complete helplessness to protect the victims". *See Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006) (internal quotation marks and citation omitted). The Nigerian government has repeatedly responded to this violence, and the BIA did not abuse its discretion when it ruled that Ayor failed to establish the Nigerian government was unable or unwilling to combat Boko Haram.

Insofar as Ayor claims the BIA erred in affording only minimal weight to an unauthenticated police record purporting to report the murder of his cousin, the BIA does not abuse its discretion when it declines to consider unauthenticated foreign documents. *See* 8 C.F.R. § 1287.6(b); *Qi Hua Li v. Holder*, 354 F. App'x 46, 48 (5th Cir. 2009) (per curiam) (unpublished). Ayor's contention the Government waived any objection to the authenticity of the record is meritless, as Ayor bears the burden to show an abuse of discretion. *See*

*Altamirano–Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006) ("[M]otions to reopen deportation proceedings are disfavored, and the moving party bears a heavy burden".) (internal quotation marks and citation omitted).

DENIED.