**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1592**

XIU ZHEN ZHENG, a/k/a Xue Hua Zheng, a/k/a Farzeea Binte
Abu Bakar Falli,

          Petitioner,

     v.

ERIC H. HOLDER, JR., Attorney General,

          Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.

Submitted:  December 10, 2013    Decided:  December 17, 2013

Before KING, SHEDD, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Peter L. Quan, LAW OFFICES OF PETER L. QUAN, P.L.L.C., Flushing,
New York, for Petitioner.  Stuart F. Delery, Assistant Attorney
General, Terri J. Scadron, Assistant Director, Greg D. Mack,
Senior Litigation Counsel, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xiu Zhen Zheng, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board"), denying her motion to reopen. We deny the petition for review.

The denial of a motion to reopen is reviewed for abuse of discretion. 8 C.F.R. § 1003.2(a) (2013); Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009); Jean v. Gonzales, 435 F.3d 475, 481 (4th Cir. 2006). The Board's "denial of a motion to reopen is reviewed with extreme deference, given that motions to reopen are disfavored because every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." Sadhvani v. Holder, 596 F.3d 180, 182 (4th Cir. 2009) (internal quotation marks omitted). The motion "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1) (2013). Further, the motion "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." Id.

We have also recognized three independent grounds on which a motion to reopen removal proceedings may be denied: "(1) the alien has not established a prima facie case for the

2

underlying substantive relief sought; (2) the alien has not introduced previously unavailable, material evidence; and (3) where relief is discretionary, the alien would not be entitled to the discretionary grant of relief." Onyeme v. INS, 146 F.3d 227, 234 (4th Cir. 1998) (citing INS v. Abudu, 485 U.S. 94, 104-05 (1988)). We will reverse the denial of a motion to reopen only if it is "'arbitrary, irrational, or contrary to law.'" Mosere, 552 F.3d at 400 (internal quotation marks omitted).

An alien may file one motion to reopen within ninety days of the entry of a final order of removal. 8 U.S.C. § 1229a(c)(7)(A), (C) (2012); 8 C.F.R. § 1003.2(c)(2) (2013). This time limit does not apply if the basis for the motion is to seek asylum or withholding of removal based on changed country conditions, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii).

Zheng concedes that her motion was untimely. We conclude that the Board did not abuse its discretion in finding that she failed to show a change in country conditions that would excuse a late motion to reopen. We also conclude that there was no abuse of discretion by the Board in its consideration of the medical records Zheng submitted in support

3

of her new allegation that she suffered three forced abortions in China. Because Zheng failed to show a change in country conditions, her claim that she had a well-founded fear of persecution based on her having given birth to two children is a change in personal circumstances which does not excuse a late motion to reopen. See Ji Cheng Ni v. Holder, 715 F.3d 620, 624 (7th Cir. 2013) (birth of applicant's two children was a change in personal circumstances and not a change in country conditions); Mei Ya Zhang v. Attorney Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) ("An alien cannot circumvent the requirement of changed country conditions by demonstrating only a change in her personal circumstances.").

We also conclude that the Board did not err in finding that Zheng did not comply with the requirements for showing that she received ineffective assistance of counsel. See Barry v. Gonzales, 445 F.3d 741, 745-47 (4th Cir. 2006).

Because Zheng was in asylum-only proceedings, the Board correctly found it did not have jurisdiction to consider the approved visa petition or her application for adjustment of status. See Zine v. Mukasey, 517 F.3d 535, 543 (8th Cir. 2008) (the relevant statutes and regulations do not give the Board jurisdiction to adjust status in asylum-only proceedings); see also Gjerjaj v. Holder, 691 F.3d 288, 293 (2d Cir. 2012).

4

Insofar as Zheng argues that reopening should have been granted in light of her younger child's health issues, we note that such relief is not generally available through an untimely motion to reopen without establishing a change in country conditions.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED