# United States Court of Appeals
## For the First Circuit

No. 14-1845

REI FENG WANG,

Petitioner,

v.

LORETTA E. LYNCH,
Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Torruella and Lynch, Circuit Judges.

Michael Brown and Law Offices of Michael Brown, P.C., on brief for petitioner.

Ilissa M. Gould, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Joyce R. Branda, Acting Assistant Attorney General, Civil Division, and Leslie McKay, Assistant Director, Office of Immigration Litigation, on brief for respondent.

July 31, 2015

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as the respondent.

**LYNCH**, **Circuit Judge**.  Rei Feng Wang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (BIA) denying as untimely, by approximately fifteen years, his motion to reopen his earlier removal proceedings on the purported basis of changed country circumstances.  We exercise jurisdiction and deny Wang's petition for review.  The BIA did not abuse its discretion in denying Wang's motion.  We also decline to take a position on a potential circuit split on "mixed petitions."

I.

On October 2, 1996, Wang was interdicted in international waters near Bermuda.  He was arrested by immigration officers and then detained.  Wang was served with a Notice to Appear in 1997 and was placed in removal proceedings.  He conceded he was removable from the United States for being an alien not in possession of valid documentation, see 8 U.S.C. § 1182(a)(7)(A)(i)(I).  Wang sought asylum on the basis that his life was in danger because, he claimed, he had testified against the organized crime group that tried to smuggle him into the United States.  He also claimed he faced persecution based on China's birth control policy because he and his wife had refused to undergo

forced sterilization.[1]  On February 2, 1998, an Immigration Judge denied, in part based on adverse credibility findings, Wang's applications for asylum and withholding of removal.  Wang's appeal with the BIA was dismissed on February 5, 1999.  Wang, however, was not removed and remained in the United States.

In his 2014 motion to reopen his asylum and withholding of removal proceedings, Wang argued that his admittedly late motion should not be barred by the ninety-day limit, see 8 U.S.C § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2), because "he provides evidence demonstrating changed country conditions in China, his country of nationality."[2]  Wang claimed that he has been a practicing Christian since being baptized in 2012 and that he would face persecution if he returned to China.  He also maintained that local government cadres had shown his father a video in which Wang made critical statements about the Chinese government and its policies.  Wang alleged that the cadres had told his father that Wang must return to China and face punishment.  As purported

---

[1]  On the questionnaire Wang completed on October 11, 1996, he stated that he left China because his "family has no work, no livelihood," and he "was going to go to Canada as a refugee."

[2]  Wang also challenged the Immigration Judge's adverse credibility finding in his original asylum claim.  The BIA found these arguments should have been raised on appeal or potentially a timely motion to reopen.  See Martinez-Lopez v. Holder, 704 F.3d 169, 172 (1st Cir. 2013); 8 C.F.R. § 1003.2(c)(1).  Because we find that Wang failed to establish the changed country circumstances necessary to reopen his proceedings, we do not reach the validity of these rulings.

evidence of this, Wang provided an unauthenticated letter allegedly from his father and a purported notice from the village committee in China addressed to Wang's father. Finally, Wang contended that the Chinese government's suppression of underground churches had intensified since 1998.

The BIA denied Wang's motion to reopen on July 15, 2014, because it did not meet the exception to the time bar for relief based on changed circumstances in the country of nationality. See 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R § 1003.2(c)(3)(ii). The BIA found Wang's becoming a practicing Christian constituted a change in personal circumstances, not a change in country conditions. The BIA gave little weight to the unauthenticated letter purportedly from Wang's father, for several reasons, including that it was written by an interested party to support the reopening of Wang's final removal order and thus did not support a finding of materially changed circumstances. The BIA also found that the 2012 State Department report Wang submitted did not demonstrate a material worsening of conditions for Christians in China since his asylum hearing. Wang's petition for review followed.

## II.

We review the BIA's denial of a motion to reopen for abuse of discretion. Aponte v. Holder, 610 F.3d 1, 4 (1st Cir. 2010). We "disfavor motions to reopen removal proceedings because

- 4 -

they run the risk of frustrating 'the compelling public interests in finality and the expeditious processing of proceedings.'" Hang Chen v. Holder, 675 F.3d 100, 105 (1st Cir. 2012) (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007)).

A motion to reopen must be filed within ninety days of the final administrative decision. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Section 1229a provides an exception to this time limit for asylum applications if "the filing of a motion to reopen . . . is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii) (applying the same standard to withholding of removal proceedings). Because Wang failed to demonstrate changed conditions in China, he does not meet this exception, and his motion is time-barred.

Wang presents a "mixed petition," that is both that his personal circumstances have changed and that country conditions have done so. See Li Zhang v. Att'y Gen. of U.S., 543 F. App'x 277, 285 (3d Cir. 2013) (defining a "mixed petition" as one "presenting changes in both personal and country conditions"). He claims that he converted to Christianity and was baptized in 2012

- 5 -

and that conditions in China have worsened since his 1998 hearings.[3]  A change in personal circumstances alone does not meet the standard for the exception to the time bar for changed country conditions.  See, e.g., Ming Chen v. Holder, 722 F.3d 63, 66-67 (1st Cir. 2013); Yang Zhao-Cheng v. Holder, 721 F.3d 25, 27 n.4 (1st Cir. 2013); accord Xiu Zhen Zheng v. Holder, 548 F. App'x 869, 870 (4th Cir. 2013); Yu Yun Zhang v. Holder, 702 F.3d 878, 879-80 (6th Cir. 2012); Khan v. Att'y Gen. of U.S., 691 F.3d 488, 497-98 (3d Cir. 2012); Almaraz v. Holder, 608 F.3d 638, 640 (9th Cir. 2010); Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam); Qi Hua Li v. Holder, 354 F. App'x 46, 48 (5th Cir. 2009) (per curiam); Wei v. Mukasey, 545 F.3d 1248, 1255-56 (10th Cir. 2008); Yuen Jin v. Mukasey, 538 F.3d 143, 155 (2d Cir. 2008); Zhong Qin Zheng v. Mukasey, 523 F.3d 893, 895 (8th Cir. 2008); Cheng Chen v. Gonzales, 498 F.3d 758, 760 (7th Cir. 2007).

In Li Zhang, the Third Circuit diverged from the Seventh Circuit's decision in Shu Han Liu v. Holder, 718 F.3d 706 (7th Cir. 2013), and explained that unlike the Seventh Circuit -- which will consider changes in personal circumstances when combined with changes in country conditions -- the Third Circuit's "case law

---

[3]   In his brief, Wang writes, "Moreover, the 2012 country report . . . indicates the Chinese government is currently employing different methods to restrict people's freedom of religion and persecute the Christians."

makes clear that even mixed petitions . . . ordinarily . . . should be rejected." Li Zhang, 543 F. App'x at 285 (citing Khan, 691 F.3d at 497-98). In Li Zhang, although the Third Circuit did "not conclude that a mixed petition always must be rejected, [it] conclude[d] that the BIA would not have abused its discretion in rejecting the motion . . . as being based on a mixed petition because the claimed change in country conditions, standing alone, could not justify granting the motion." Id.; see also Ying Chen v. Holder, 368 F. App'x 202, 204 (2d Cir. 2010) ("[C]hanging one's personal circumstances in a way that coincides with changes in one's country -- years after being ordered removed -- does not meet the changed country conditions exception . . . .").[4] But see Chandra v. Holder, 751 F.3d 1034, 1037-39 (9th Cir. 2014) (collecting cases from the Sixth, Seventh, and Eleventh Circuits, and holding the BIA must consider untimely motions "even if the changed country conditions are made relevant by a change in the petitioner's personal circumstances," id. at 1038). Because the BIA considered Wang's argument that conditions in China worsened in connection with his changed personal circumstances, we need not

---

[4] In other cases, panels from the Second and Third Circuits have appeared to suggest they will consider claims where the petitioner alleges personal and country conditions have both changed. See, e.g., Fang Zheng v. Att'y Gen. of U.S., 569 F. App'x 136, 137 n.1 (3d Cir. 2014); Yuen Jin, 538 F.3d at 155.

take a position on this and do not decide whether rejecting a petition because it is mixed would be an abuse of discretion.

Wang's conversion to Christianity was clearly only a change in personal circumstances.  See Ming Chen, 722 F.3d at 66 ("'Under the current case law, a change typically will be categorized as a change in personal circumstances, as opposed to a change in country conditions, if the change is self-induced.' . . . This prevents aliens from repeatedly reopening their removal proceedings based on changes that are within their control." (quoting Larngar v. Holder, 562 F.3d 71, 76 (1st Cir. 2009))).  We treat self-induced changes as changes in personal conditions, "even if the change in personal circumstances will expose the alien to persecution in his home country."  Id.

Wang failed to demonstrate that conditions worsened for Christians in China.  He submitted a 2012 State Department report on religious freedom and human rights in China.  This report, however, does not illustrate a change in China's conditions since the time of his hearings.  Indeed, in his brief, Wang describes the report as "provid[ing] a general background and solid support to [his] claim that the Chinese government is currently persecuting the Christians."  (Emphasis added.)  See Haizem Liu v. Holder, 727 F.3d 53, 57 (1st Cir. 2013) ("In determining if evidence submitted in support of a motion to reopen demonstrates a material change in country conditions justifying reopening of proceedings, the BIA

'compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" (alteration in original) (quoting In re S-Y-G, 24 I. & N. Dec. 247, 253 (BIA 2007))).[5]

The BIA did not abuse its discretion in finding that Wang's motion to reopen removal proceedings is time-barred.[6]

III.

For the reasons stated above, Wang's petition for review is denied.

---

[5] To the extent Wang argues the letter from his father and the village notice show changed country circumstances, this argument also fails. Even assuming these documents held evidentiary weight, they demonstrate only "that any risk that [Wang] faces in China is not because of changes within [China], but due to his personal decision to [become a practicing Christian and make critical statements about the Chinese government]." See Ming Chen, 722 F.3d at 66.

[6] We thus need not reach Wang's arguments that the BIA did not appropriately weigh the documents he submitted or determine whether he made a prima facie case for relief. See Haizem Liu, 727 F.3d at 58 ("Where a petitioner fails to establish changed circumstances, it is not necessary to reach the issue of whether she has made out a prima facie case for relief.")